IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CURTIS V. BROWN,

      Plaintiff,      OPINION AND ORDER

 v.

                  24-cv-387-wmc

CO KRAUS,
WARDEN BUESGEN, and
JOHN DOE 1-5,

      Defendants.

---

  Plaintiff Curtis V. Brown, a state prisoner at the Stanley Correctional Institution ("SCI") who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights by providing him with a different inmate's medication and having a policy that allows correctional officers, rather than medical personnel, to distribute controlled medication.  Under 28 U.S.C. § 1915A, this court must screen and dismiss any claim brought by a prisoner that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  For the reasons explained below the court must dismiss Brown's complaint but will allow him an opportunity to file an amended complaint.

ALLEGED FACTS

At SCI, Warden Buesgen is allegedly responsible for the prison's controlled medication distribution policy. Pursuant to this policy, correctional officers are responsible for distributing inmates their medications. To obtain their medications, inmates must present to correctional officers their inmate identification card ("ID"), which includes their names, pictures, and inmate numbers and barcodes. In turn, correctional officers are responsible for scanning the inmate's ID and the medication and verifying that the medication is correct by examining it themselves and presenting it to the inmate. Pharmacists John Doe 1-5 are responsible for labeling medications with the correct inmate's name.

On February 3, 2024, Brown allegedly went to the SCI health services unit (HSU) to receive his controlled nasal spray. Brown provided correctional officer Kraus with his ID who then scanned the ID and a bottle of nasal spray before passing it to Brown. Kraus did not verify that the scanned ID matched the medication or ask Brown to review it.

After using the spray, Brown allegedly noticed blood, which was not his, on the spray nozzle. Inspecting the bottle further, Brown noticed it bore the name of another inmate, Lester Brown. Brown showed this to Kraus who took the bottle back and stated that she had previously passed this specific bottle to Brown every time she did medication pass.

After a brief time in the HSU waiting area, Brown was returned to his cell, where he encountered Lester, who informed Brown that he had been given some blood tests due to the HSU not knowing how many times their blood had mixed. Brown requested these

blood tests for himself. Lester also told Brown that he was experiencing the same symptoms as plaintiff: body pains, headaches, breathing problems, and cold chills. Since this incident, Brown had to refuse Lester Brown's medication at least once more.

OPINION

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment for inadequate medical care, a prisoner must allege that he had an objectively serious medical condition and that defendants consciously disregarded that condition. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the need for a doctor's attention. *Id.* To state a claim, a prisoner must also allege that defendants "actually knew of, but disregarded, a substantial risk to the [his] health." *Id.* Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

The court assumes for screening purposes that plaintiff had an objectively serious medical condition; however, plaintiff fails to allege that John Doe 1-5 and Kraus were deliberately indifferent to his medical needs when they allegedly mislabeled and failed to provide his prescribed medication, respectively. To state a constitutional claim, plaintiff's allegations must allow a plausible inference that these defendants were deliberately indifferent to a substantial risk of serious harm to him. However, courts have routinely found that passing an inmate the wrong medication, even after notice that the inmate had

3

previously received the wrong medication, does not support a deliberate indifference claim. *Robbins v. Waupun Corr. Inst.*, No. 16-CV-1128, 2016 WL 5921822, *3 (E.D. Wis. Oct. 11, 2016) (collecting cases). Rather, these may support a negligence or gross negligence claim, neither of which implicates the Constitution. *Id.*

Plaintiff also fails to allege that Buesgen enforced a policy that was deliberately indifferent to his medical needs. A prison official consciously disregards a prisoner's medical needs if he knows of pervasive deficiencies in prison medical care and fails to take reasonable efforts to cure the deficiencies. *See Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022). Plaintiff, who alleges that he had been given the wrong medication on only two occasions, has not alleged pervasive deficiencies. *Alexander v. Richter*, No. 15-CV-766-WMC, 2017 WL 5634132, at *5 (W.D. Wis. Nov. 22, 2017) (explaining that the Seventh Circuit has rejected claims of systemic deficiencies where an inmate "only presents evidence of his own or a few others' medical care"). Moreover, plaintiff failed to allege facts suggesting that Buesgen knew that the current medication passing policy resulted in correctional officers distributing incorrect medications to inmates or that he failed to act based on knowledge. *See Sinn v. Lemmon*, 911 F.3d 412, 422 (7th Cir. 2018) ("[i]ndividual defendants ... who are responsible for setting prison policy[ ] can be held liable for a constitutional violation if they are aware of a systemic lapse in enforcement of a policy critical to ensuring inmate safety yet fail to enforce that policy.") (quoting *Steidl v. Gramley*, 151 F.3d 739, 741(1998) (internal quotation marks omitted). Accordingly, plaintiff may not proceed on his Eighth Amendment claim against Buesgen.

Although plaintiff has not currently stated a claim upon which relief may be granted, he may still be able to state a viable constitutional claim if he were to provide additional facts. Accordingly, the court will allow him an opportunity to file an amended complaint. Specifically, plaintiff's amended complaint should include any additional information about how the prison's medication distribution policy affected him and other inmates, as well as when and how he advised Buesgen about the situation. Such amended complaint must be filed on or before 30 days following the entering of this order. **Failure to file an amended complaint within this time period may result in dismissal of this action.**

ORDER

IT IS ORDERED that:

1) Plaintiff Curtis V. Brown's complaint (dkt. #1) is DISMISSED. He may have until **July 14, 2025,** to file an amended complaint that corrects the problems described in this order – alleging sufficient facts as to the effect and knowledge of the medicine distribution policy. If the plaintiff fails to respond by the deadline, the court will dismiss this case with prejudice.

2) It is the plaintiff's obligation to inform the court of any new address. If he fails to do so, his claims may be dismissed with prejudice for failure to prosecute.

Entered this 12th day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge